UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CLIFF SMITH,

    Plaintiff,

v.

DEANNA RYBEK, et al.,

    Defendants.

Case No. 2:11-CV-777
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE TERENCE P. KEMP

## OPINION & ORDER

This matter is before the Court on Defendants Deanna Rybek, Richard C. Pfeiffer, Jr., and the City of Columbus's Motion to Dismiss Plaintiff's Complaint (Doc. 5). For the reasons that follow, the Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff Cliff Smith ("Smith") brings this action against Defendants Deanna Rybek ("Rybek"), Richard C. Pfeiffer, Jr. ("Pfeiffer"), the Franklin County Sheriff's Office, and the City of Columbus, claiming violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985(3).

Smith makes the following allegations in his Complaint: on or about September 3, 2009, several deputies from the Franklin County Sheriff's Office conducted a traffic stop. (Compl. at ¶ 13.) The driver identified himself as "Cliff Smith." (*Id.* at ¶¶ 15–17.) Smith alleges that the driver stopped by the deputies was not "Cliff Smith," but was Smith's brother. (*Id.* at ¶ 20.) As a result of the traffic stop and the alleged misidentification, Smith was charged with operating a vehicle under the influence of alcohol or drugs ("OVI"), in violation of Ohio Revised Code § 4511.19(A)(1)(e), and having physical control of a vehicle while under the influence ("physical control"), in violation of Ohio Revised Code § 4511.194(B). (*Id.* at ¶ 13.)

Smith later appeared in Franklin County Municipal Court on the charges stemming from the traffic stop. (*Id.* at ¶ 19.) In court, the Assistant Prosecuting Attorney, Rybek, allegedly called Smith by name, at which point he rose and approached counsel's table. (*Id.*) Rybek then asked the three deputies who had allegedly stopped Smith's brother whether Smith was the person they stopped, to which one of them answered in the affirmative. (*Id.* at ¶ 17.) Smith claims that he spent ten months interfacing with the Franklin County court system to rectify the allegedly mistaken identification. (*Id.* at ¶ 21.)

Smith now seeks money damages as compensation for the time and money spent correcting the alleged misidentification and to cure alleged violations of his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the federal constitution. (*Id.* at ¶¶ 31–38.) Smith lists the following as Defendants in his Complaint: (1) Assistant City Prosecutor Rybek in her personal and official capacity; (2) Columbus City Attorney Pfeiffer in his capacity as Rybek's supervisor; (3) Franklin County Sheriff Zach Scott; and (4) Deputy Sheriffs Kristine Wise, Brian Toth, T. Devine, and James Plumb; and (5) the City of Columbus. Smith alleges four claims: (1) Defendants violated § 1983; (2) Defendants conspired to violate § 1983 and § 1985; (3) Defendants abused the judicial process; and (4) Defendants engaged in malicious prosecution. The Defendants now move to dismiss all of Smith's claims under Federal Rule of Civil Procedure 12(b)(6).

## II. STANDARD OF REVIEW

Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. While Rule 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief," in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (clarifying plausibility standard articulated in *Twombly*). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, [it] [is] not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Twombly*, 550 U.S. at 55) (internal quotations omitted).

## III. DISCUSSION

Defendants move to dismiss all claims asserted by Smith. His claim arises under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity[.]

42 U.S.C. § 1983. Section 1983 does not create any substantive rights; it merely creates a two-step procedure to remedy constitutional violations by a government official. *See Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). The plaintiff must (1) be deprived of a constitutional right by (2) an individual acting under the color of state law. *See Patton v. Haddox*, 2:10-CV-743, 2010 WL 4792616, at *3 (S.D. Ohio Nov. 18, 2010). Neither party disputes that Rybek was acting under state law. Therefore, the relevant inquiry is whether Rybek violated Smith's constitutional rights.

Defendants contend that each of Smith's claims against Rybek in her personal capacity is barred by prosecutorial immunity. They also assert that Smith's claims against Rybek in her

3

official capacity are barred by the Eleventh Amendment. Defendants also contend that Smith's claims against Rybek in her official capacity fail to state a claim upon which relief can be granted.

## A. Constitutional Violations

Smith first claims that Rybek violated his constitutional rights in her personal and official capacity, in violation of §1983.

### 1. Personal Capacity

Prosecutors are immune from civil suits for any actions that are intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (holding that § 1983 preserved personal prosecutorial immunity found at common law). Therefore, a functional approach is used to determine whether a prosecutor is immune from suit. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The Sixth Circuit has explained that the "critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *See Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997) (quoting *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993), *cert. denied*, 512 U.S. 1237 (1994)). However, a prosecutor can be subject to civil liability for constitutional violations if her actions are administrative or investigative, such as giving legal advice to police, holding press conferences, making statements in an affidavit in support of an arrest warrant, or authorizing warrantless wiretaps for national security. *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) (internal citations omitted).

At issue in this case is whether Rybek's actions inside the court room were investigatory. Smith contends that absolute prosecutorial immunity does not shield Rybek from his § 1983 claim because she was acting in an investigatory manner when she asked Smith to come to counsel's table. (Doc. 11, at 11.)

4

Assuming it to be true that Rybek called Smith to counsel's table and asked several Sheriff's Deputies to identify Smith, this was not an investigatory act. (Doc. 2, at ¶ 19.) The act of prosecuting Smith is squarely within the protection provided by prosecutorial immunity. Rybek's actions were intimately connected to the judicial process because she was preparing to prosecute Smith and was physically in the courtroom when the events in question took place. *See Imbler*, 424 U.S. at 427, 430–31 (prosecutorial actions intimately associated with judicial phase of criminal process are immune from § 1983 because prosecutors possess "the same absolute immunity under § 1983 that [they] [enjoy] at common law."). In preparing for a hearing, Rybek asked deputies if Smith was the person they had stopped. The deputies responded affirmatively. Such action was in preparation for a hearing. Rybek was not engaging in any investigatory or administrative acts.

Smith cites no legal authority to support the proposition that Rybek's "pre-trial identification of Mr. Smith, before his case was called, was investigative." (Doc. 11, at 11.) Instead, Smith relies on *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009) to establish that prosecutors are not immune for investigatory acts. However, this authority does not support the notion that acts done inside the courtroom are investigative. To the contrary, it merely supports the proposition that absolute prosecutorial immunity only covers prosecutorial acts. Thus, the Court dismisses Smith's § 1983 claim against Rybek in her personal capacity.

### 2. Official Capacity

Smith's claim against Rybek in her official capacity is "in all respects other than name, to be treated as a suit against the [City of Columbus]." *Pusey*, 11 F.3d at 657 (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Therefore, Rybek's prosecutorial immunity, as a personal defense, does not shield her from §1983 claims against her in her official capacity. However,

Defendants offer two additional defenses which preclude Smith's claim against Rybek in her official capacity: (1) immunity under the Eleventh Amendment; and (2) no liability under *Monell*.

### a. Eleventh Amendment Immunity

Smith claims that Rybek violated his constitutional rights while acting in her official capacity when she prosecuted him with violations of Ohio law. (Compl. at ¶ 29.) Defendants contend that the Eleventh Amendment bars Smith's Complaint because Rybek was acting as an agent of the state of Ohio. (Doc. 5, at 4–5.)

The Sixth Circuit has determined that city prosecutors are state actors when prosecuting violations of Ohio law. *See, e.g.*, *Pusey*, 11 F.3d at 657 (Ohio Rev. Code §§ 1901.34(C) and 309.08 establish that city prosecutors in Ohio are state actors when prosecuting violations of Ohio law). Thus, claims against prosecutors in their official capacity are claims against the state and are barred by the Eleventh Amendment. *See id.* at 658; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989) (Eleventh Amendment bars § 1983 claims against the states because the state is not a "person").

The Court finds that Rybek was acting in her official capacity and as an agent of the state when she proceeded to prosecute Smith. Smith cites no supporting authority to show that Rybek's Eleventh Amendment immunity should not shield her from his claim. As an agent of the state, Rybek is thus shielded from civil suits by the Eleventh Amendment. *See Pusey*, 11 F.3d at 657–58. Accordingly, Smith's § 1983 claim against Rybek in her official capacity is dismissed.

### b. *Monell* Liability

Defendants also move to dismiss Smith's claim against Rybek in her official capacity because Smith has failed to point the Court towards the requisite custom, policy, or practice to

establish § 1983 municipal liability for the City of Columbus under *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). A city cannot be held liable under § 1983 for injuries inflicted solely by its employees. *Monell*, 436 U.S. at 694. Instead, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* The Sixth Circuit has further held that random or one-time acts of a tortfeasor employed by the city do not establish *Monell* liability. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999).

Defendants' argument is well taken. While § 1983 establishes a tort against the government for constitutional violations, *respondeat superior* does not impose liability on a city for the actions of an employee. *See Patton*, 2010 WL 4792616, at *8. Smith has failed to allege any facts that show that Rybek followed an official custom, policy, or practice of the city. *See Monell*, 436 U.S. at 691. Additionally, Smith does not allege any facts that show that Rybek's actions were more than a "one time, isolated event." *See Fox*, 176 F.3d at 348. Smith's Complaint, therefore, does not allege sufficient facts to raise the possibility that his constitutional rights were violated pursuant to any official policy, custom, or practice. Without such a predicate foundation, there is no basis for *Monell* liability here.

## B. Conspiracy

Defendants also move to dismiss Smith's § 1985(3) conspiracy claim based on Rybek's immunity from his § 1983 claims. Smith alleges that Rybek and the other Defendants "engaged in a conspiracy to deprive [Smith] of his civil rights based upon his past criminal record." (Compl. at ¶ 24.) Specifically, Smith alleges that as a result of this conspiracy, his Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the federal constitution were violated. *Id.* at 33–34.

7

Defendants maintain that Rybek's prosecutorial immunity is a complete bar to Smith's conspiracy claim. (*See* Doc. 5, at 3.)

In order to state a cognizable § 1985(3) claim, a plaintiff must have a valid underlying § 1983 claim. *See, e.g., Vakilian v. Shaw*, 302 F. App'x 350, 358 (6th Cir. 2008) (prosecutors are immune from § 1985(3) claims as a results of their prosecutorial decisions, such as the decision to prosecute) (quoting *Ireland*, 113 F.3d at 1446)); *McGee v. U.S.*, 1:10-CV-521, 2010 WL 3211037, at *3 (S.D. Ohio Aug. 12, 2010) (finding that "quasi-judicial" immunity barred § 1985(3) claim). Rybek's prosecutorial immunity presents a complete bar to Smith's § 1983 claims. *See, e.g., Imbler*, 424 U.S. at 430–31; *Pusey*, 11 F.3d at 657. The inability to state a cognizable § 1983 claim precludes Smith from stating a valid § 1985(3) claim. *See Vakilian*, 302 F. App'x at 358. Accordingly, the Court dismisses Smith's § 1985(3) claim.

## C. Abuse of Process

Defendants also move to dismiss Smith's abuse-of-process claim. Relying on the same facts he alleged for his § 1983 claim, Smith contends that Rybek engaged in abuse of process when she prosecuted him. (Compl. at ¶¶ 35–36.) Because this action is based upon federal question jurisdiction, the only issue before the Court is whether Smith's abuse-of-process claim is barred by Rybek's prosecutorial immunity under federal law.

Federal and state law bar abuse-of-process claims against prosecutors. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absent absolute immunity, suits for malicious prosecution or abuse of process would be a common response by defendants when the state's case fails . . . . Such susceptibility to damage actions would inhibit prosecutors from aggressively prosecuting cases and would deflect their energies." (quoting *Joseph v. Patterson*, 795 F.2d 549, 557 (6th Cir. 1986))); *Jopek v. Cleveland*, No. 93793, 2010 WL 2136468, at *5–6 (Ohio Ct. App.

May 27, 2010) (prosecutors entitled to absolute prosecutorial immunity when presenting the prosecution's case). Federal prosecutorial immunity specifically bars abuse-of-process claims such as Smith's. *See Imbler*, 424 U.S. at 422–25. Smith fails to allege any further facts in his Complaint to distinguish his abuse-of-process claim from his § 1983 or § 1985(3) claims. Accordingly, the Court dismisses Smith's abuse-of-process claim.

## D. Malicious Prosecution

Defendants also move to dismiss Smith's claim for malicious prosecution. Because this action is based upon federal question jurisdiction, the Court will only consider federal law in determining if Rybek's prosecutorial immunity bars Smith's claim.

The decision to prosecute, with or without probable cause, is protected by absolute prosecutorial immunity. *Drake v. Howland*, 2:09-CV-824, 2010 WL 3470483, at *4 (S.D. Ohio Sept. 2, 2010), *aff'd*, 463 F. App'x 523 (6th Cir. 2012) ("The reason that we grant [absolute immunity] for the latter function ([claims of] malicious prosecution) is that we have found a common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether [s]he has probable cause or not." (quoting *Buckley*, 509 U.S. at 274)). The Supreme Court has recognized malicious prosecution as a federal claim, but did not determine if the claim was separate from a Fourth Amendment claim. *See Albright v. Oliver*, 510 U.S. 266, 274–75 (1994); *Thacker v. City of Columbus*, 328 F.3d 244, 258 (6th Cir. 2003) (explaining the Supreme Court's avoidance of the Fourth Amendment issue in *Albright*). In *Thacker*, the Sixth Circuit clarified *Albright* and held that a federal malicious prosecution claim was a Fourth Amendment claim. *See Thacker*, 328 F.3d at 258.

In his Complaint, Smith alleges that Rybek maliciously prosecuted him by intentionally continuing to prosecute him when she had "absolutely no basis in fact for identifying Smith."

9

(Compl. at ¶ 22.) Smith further contends that *Albright* permits him to make a Fourth Amendment claim under § 1983. (Doc. 11, at 9.) While Smith is correct that *Albright* enables such a claim, he fails to show how this claim is distinct from his other allegations of constitutional violations. Absent any such authority, the Court finds that Smith's claim of malicious prosecution is barred by § 1983 and *Imbler's* progeny. *See Imbler*, 424 U.S. at 410 (extending prosecutorial immunity found at common law to protect against § 1983 claims); *Thacker*, 328 F.3d at 258 (holding that federal claims of malicious prosecution arise under the Fourth Amendment). Accordingly, the Court dismisses Smith's malicious prosecution claim.

### E. Potential State Law Claims

Smith's Complaint does not specify whether his claims for abuse of process or malicious prosecution are state or federal law claims. To the extent that Smith brought these claims under state, in addition to, federal law, the Court declines to exercise supplemental jurisdiction pursuant to its discretionary authority under 28 U.S.C. § 1367(c)(3).

## IV. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

7-23-2012
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE